IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRAYAN CARDENAS GARCIA,** *Petitioner,* | : | |
| v. | : | **CIVIL NO. 26-8303** |
| **J. L. JAMISON et al.,** *Respondents.* | : | |

**ORDER**

**AND NOW**, this **18th** day of **November 2026**, upon consideration of the Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1) and the Government's Opposition thereto (ECF No. 4), it is hereby **ORDERED** as follows:

1. The Petition for a Writ of Habeas Corpus (ECF No. 1) is **DENIED**.[1]

---

[1] Petitioner is a native and citizen of Guatemala who initially entered the United States as an unaccompanied juvenile without authorization on or about April 11, 2015. ECF No. 1 at 2; ECF No. 4-1 at 4 (Resp. Ex. A). Petitioner was granted a Form I-360 Petition in March 2019, but on January 8, 2020, Petitioner was granted Voluntary Departure and was removed to Guatemala about a month later. *Id.* Petitioner later re-entered the United States at a date and time unknown to the Government; but Petitioner suggests that it was sometime in 2020—the same year he was removed. ECF No. 1 at 2 & ¶ 36. Between 2018 and 2025, Petitioner amassed the following criminal convictions while residing in Delaware: criminal impersonation, third-degree assault, unlawful imprisonment, driving under the influence of alcohol, offensive touching, and breach of conditions of bond. ECF No. 4-1 at 4 (Resp. Ex. A). Petitioner was also charged with the following offenses that were ultimately dropped: resisting arrest, noncompliance with conditions of recognizance bond, third-degree assault, endangering the welfare of a child, terroristic threatening, and strangulation. *Id.*

On October 27, 2026, Immigration and Customs Enforcement ("ICE") officers discovered Petitioner while conducting targeted enforcement operations in Laurel, Delaware. *Id.* at 3. The officers observed Petitioner at a gas station and after checking his vehicle registration, determined that he had previously been granted an I-360 and subsequent Voluntary Departure. *Id.* at 4. The officers then conducted additional record checks, which returned Petitioner's criminal history. *Id.* After conducting this check, the officers spoke with their direct supervisor, and a signed Form I-200, Warrant for Arrest of Alien, was issued. *Id.* at 5; ECF No. 4-2 at 2 – 3 (Resp. Ex. B.). The officers then stopped Petitioner's vehicle and informed him that they had an administrative warrant for his arrest. ECF No. 4-1 at 5 (Resp. Ex. A). Petitioner admitted that he re-entered the United States after being granted Voluntary Departure, and also stated that he had a current U-visa but did not know whether it was pending or approved. *Id.* After Petitioner made this statement, the officers conducted further record checks, which did not return any pending or approved petitions other than the I-360 from before his Voluntary Departure. *Id.* Based on Petitioner's criminal history and his uncertainty as to whether he had pending applications for relief, the

officers determined that he "may not show up to court" if released. *Id.* Accordingly, the officers took Petitioner into custody and transported him to the ICE sub-office in Dover, Delaware for processing. *Id.* The record indicates that Petitioner signed a Form I-286 Notice of Custody Determination, which informed him that he was being detained, and on which he requested that an immigration judge review ICE's custody determination. ECF No. 4-4 at 2 (Resp. Ex. D). Petitioner filed the instant habeas petition on October 29, 2026. ECF No. 1.

The Petition largely argues that Petitioner was unlawfully detained under the mandatory detention provision of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1225, as part of a "policy and practice" of detention that the Third Circuit recently held unlawful. ECF No. 1 at p. 3 & ¶¶ 10, 27, 33-34; *see Buele Morocho v. Warden Philadelphia FDC*, 189 F.4th 287, 305 (3d Cir. 2026). However, the record indicates that Petitioner was detained under Section 236 of the INA, 8 U.S.C. § 1226—not Section 1225. *See* Form I-286, Notice of Custody Determination, ECF No. 4-4 at 2 (Resp. Ex. D) (stating that Petitioner was detained "[p]ursuant to the authority contained in Section 236 of the Immigration and Nationality Act and part 236 of title 8, Code of Federal Regulations"). Section 1226(a) of the INA permits ICE to, pursuant to a warrant issued by the Attorney General, "arrest[] and detain[] [an alien] pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). This provision and its implementing regulations also provide a two-step administrative process by which an alien may request review of a custody determination: (1) the detained noncitizen may request a bond redetermination hearing before an immigration judge; and (2) the noncitizen may appeal the immigration judge's bond decision to the Board of Immigration Appeals ("BIA"). *Ubaid v. Jamison*, No. 26-cv-2681, 2026 WL 1346670, at *3 (E.D. Pa. May 14, 2026) (citing 8 C.F.R. § 236.1(d)). A petitioner must generally exhaust these administrative remedies before bringing a habeas petition. *Id.* And while exhaustion is not required when it would be futile, *Cerverizzo v. Yost*, 380 F. App'x 115, 116 (3d Cir. 2010), "that an 'argument would likely have failed is not tantamount to stating that it would have been futile to raise it.'" *Ubaid*, 2026 WL 1346670, at *3 (quoting *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003), as amended (July 24, 2003)).

Section 1226 entitles a detained petitioner to a bond hearing, but as courts in this District have observed, "the purpose of that hearing is '*re*-determination . . . after ICE makes its initial decision to detain.'" *Hernandez v. Blanche*, 2026 WL 2569475, at *3 (E.D. Pa. Aug. 31, 2026) (quoting *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 497 (S.D.N.Y. 2025); *see also Dos Reis v. McShane*, No. 26-3775, 2026 WL 1746649, at *4 (E.D. Pa. June 17, 2026) ("Because Petitioner is detained under § 1226(a), ICE had discretion to detain him or release him on bond or conditional parole, but it had to exercise that discretion through an individualized custody determination.").

Here, the record indicates that ICE made an individualized determination prior to Petitioner's arrest and detention. The officers reviewed Petitioner's immigration record and criminal history, found his claim regarding a pending U-visa petition to be unsubstantiated, and determined that these factors made him a potential flight risk. This stands in contrast to other recent cases in which officers did not make such a determination. *See, e.g., Dos Reis*, 2026 WL 1746649, at *4 (granting release where ICE merely considered "negative equities" and "positive equities" before detaining the petitioner, and where the record was "bereft of a reasoned finding that Petitioner is dangerous or a flight risk, or unsuitable for conditions short of detention"). This case is also distinguishable from this Court's prior ruling in *Matos-Ramirez v. Jamison*. There, the petitioner—who had no criminal record, a pending meritorious marriage-based green card petition, and significant community ties—was present in the country after being previously detained and released on parole. *See Matos-Ramirez v. Jamison*, No. 26-7307, 2026 WL 3085462, at *1 (E.D. Pa. Oct. 15, 2026). Nearly four years later, officers re-detained the petitioner without warning during a routine ICE check-in appointment for which he voluntarily appeared. *Id.* There was no indication that ICE conducted an individualized determination of flight risk or dangerousness prior to the petitioner's re-detention, and release was therefore appropriate. *Id.* at *3. Here, by contrast, Petitioner was removed from the country in

2. The Court's Order that Petitioner not be removed from the Philadelphia Federal Detention Center is hereby **VACATED**. Petitioner may be moved to enable him to attend his requested bond hearing as soon as is practicable.

3. The Clerk of Court shall mark this case **CLOSED**.

**BY THE COURT:**

Kai N. Scott

**HON. KAI N. SCOTT**
**United States District Court Judge**

---

2020, unlawfully re-entered that same year, and since then has amassed a criminal record that includes convictions for certain violent offenses. The Department of Homeland Security ("DHS") issued an administrative arrest warrant on this basis, but the ICE officers only conducted the arrest itself after investigating Petitioner's claim that he had an outstanding immigration petition. The Court finds that ICE conducted a sufficient individualized determination prior to Petitioner's arrest and detention, and that his requested bond hearing will provide the appropriate *re*-determination of the decision to detain him. Accordingly, Petitioner is required to exhaust his administrative remedies under the INA, and the petition will be denied.

Because Petitioner must exhaust the INA's administrative remedies, the Court need not further analyze his claims for relief under the Due Process Clause or the Administrative Procedure Act.